[Cite as *State v. Croft*, 2016-Ohio-449.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

CHRISTINA D. CROFT,

    DEFENDANT-APPELLANT.

CASE NO. 2-15-11

O P I N I O N

Appeal from Auglaize County Municipal Court
Trial Court No. 2014 TRC 6406

**Judgment Affirmed**

Date of Decision: February 8, 2016

APPEARANCES:

    *Craig A. Gottschalk* for Appellant

    *Nick Catania* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant, Christina Croft ("Croft"), brings this appeal from the judgment of the Auglaize County Municipal Court, which found her guilty of speeding and operating a vehicle under the influence ("OVI"). For the reasons that follow, we affirm the trial court's judgment.

### *Factual and Procedural Background*

{¶2} On August 8, 2014, Croft was pulled over for speeding by Trooper Posada from the Ohio State Highway Patrol. Upon approaching the vehicle, Trooper Posada noticed a moderate odor of an alcoholic beverage through a smell of a freshly-lit cigarette. When asked for a proof of insurance, Croft handed Trooper Posada a wrong document. Croft initially denied drinking any alcohol, but later admitted to having consumed two beers earlier in the evening. Trooper Posada administered several field sobriety tests. Based on her performance on the tests, trooper Posada asked Croft to submit to a preliminary breath test. Croft refused and she was subsequently arrested on a charge of OVI. Croft refused to take any further tests that night in spite of being advised that refusal would result in an automatic license suspension.

{¶3} Croft was charged with speeding, a violation of R.C. 4511.21(D)(1), and with OVI, a violation of R.C. 4511.19(A)(1)(a). (R. at 1.) She entered a plea of not guilty and filed a motion to suppress certain evidence and statements she

had made to the police upon her arrest, including the results of the field sobriety tests. (R. at 23, 28.) She argued that the arresting officer lacked probable cause to arrest. (*Id.*) The trial court assigned the motion for a hearing on December 16, 2014. (R. at 26, 35.) On the day scheduled for the hearing, Croft withdrew the motion and the case proceeded to a trial to the court. (R. at 41, 43, 50.) The trial court found her guilty of both offenses and the instant appeal followed. Croft raises one assignment of error as quoted below.

### *Assignment of Error*

> THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION BY ENTERING VERDICTS OF GUILTY, AS THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION BY ENTERING VERDICTS OF GUILTY, AS THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BECAUSE THE EVIDENCE SUPPORTING IT WAS INSUFFICIENT AS A MATTER OF LAW TO PROVE THE CONVICTION OF APPELLANT BEYOND A REASONABLE DOUBT.

{¶4} Although the assignment of error confusingly repeats the same allegation twice and mistakenly indicates that the finding of guilt was made by the jury, rather than a judge, the statement of the issues clarifies what the actual contentions on appeal are. In particular, Croft alleges that her conviction was not

supported by sufficient evidence and that it was against the manifest weight of the evidence. (App't Br. at 4.) We address the two contentions as follows.

### *Standards of Review*

{¶5} When reviewing a criminal case for the sufficiency of the evidence, "our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence submitted at trial, if believed, could reasonably support a finding of guilt beyond a reasonable doubt." *In re Willcox*, 3d Dist. Hancock No. 5-11-08, 2011-Ohio-3896, ¶ 10, citing *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). We look at the evidence in the light "most favorable to the prosecution" and will affirm the conviction if "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 118. Importantly, this test raises a question of law and does not allow us to weigh the evidence. *Willcox* at ¶ 10.

{¶6} The question of manifest weight of the evidence concerns an "effect in inducing belief." *Thompkins* at 387. Therefore, it is not subject to a mathematical analysis. *Id.* When reviewing a conviction challenged as being against the manifest weight of the evidence, an appellate court acts as a "thirteenth juror" and may disagree with the jury's resolution of the conflicting testimony. *Id.*, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). But the appellate court must give due deference to the findings of the trier of fact, because

> [t]he fact-finder occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is a Herculean endeavor. A reviewing court must, therefore, accord due deference to the credibility determinations made by the fact-finder.

(Alteration omitted.) *State v. Dailey*, 3d Dist. Crawford, No. 3-07-23, 2008-Ohio-274, ¶ 7, quoting *State v. Thompson*, 127 Ohio App.3d 511, 529, 713 N.E.2d 456 (8th Dist.1998). Therefore, an argument that a conviction is against the manifest weight of the evidence will only succeed if the appellate court finds that "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

*Analysis*

{¶7} No particular challenges to the sufficiency or the weight of the evidence are made in the brief on appeal. Indeed, Croft states that she was "admittedly speeding," thus contradicting any allegation that the conviction for speeding was against the sufficiency or the manifest weight of the evidence. (App't Br. at 10.) At no point does Croft indicate that any of the elements of the OVI were not supported by the evidence or that there were any conflicts in

evidence. Therefore, there are no specific contentions as to the sufficiency or the manifest weight of the evidence. *See* App.R. 16(A)(7).

**{¶8}** Instead, the brief appears to contest the probable cause to arrest and the methods of conducting field sobriety tests, challenges that are properly raised in a motion to suppress. *See State v. French*, 72 Ohio St.3d 446, 449, 1995-Ohio-32, 650 N.E.2d 887 (1995); *City of Defiance v. Kretz*, 60 Ohio St.3d 1, 4-5, 573 N.E.2d 32 (1991). But as we stated above, Croft withdrew her motion to suppress and did not object to the admissibility of the evidence on other grounds during her bench trial. Therefore, no challenges to the admissibility of the evidence are properly on appeal. *See State v. Peagler*, 76 Ohio St.3d 496, 501, 668 N.E.2d 489 (1996) ("A court of appeals cannot consider the issue for the first time without the trial court having had an opportunity to address the issue."); *see also French* at 451 (holding that "challenges to the state's compliance with statutory and ODH regulations * * * must be made in a pretrial motion to suppress, or such challenges are considered waived"), citing *Kretz* at 5.

**{¶9}** Our review of the record does not disclose any issues that would require reversal on the basis of sufficiency of the evidence. In order to support a conviction, the State had to prove (1) that Croft operated her vehicle within the state of Ohio and (2) that she was under the influence of alcohol, a drug of abuse, or a combination of them. *See* R.C. 4511.19(A)(1)(a). The State provided evidence indicating that Croft was driving within the State of Ohio at the time she

was pulled over by Trooper Posada. The State further proved that Trooper Posada detected a moderate odor of an alcoholic beverage coming from Croft's vehicle and that Croft first denied having any alcohol, but later admitted to having had two beers earlier that evening. She had some trouble providing her proof of insurance and exhibited a stronger odor of an alcoholic beverage upon exiting the car. The State further provided evidence of field sobriety tests, which showed that Croft had difficulty with both the walk-and-turn test and the one-leg-stand test. In fact, the testimony and video showed that she was unable to perform the walk and turn test in spite of several attempts. Finally, Croft's refusal to take a breath test could be used by the fact finder to infer that she feared the results of the test. *See Maumee v. Anistik*, 69 Ohio St.3d 339, 342-343, 1994-Ohio-157, 632 N.E.2d 497 (1994); *State v. Gray*, 85 Ohio App.3d 165, 171, 619 N.E.2d 460 (3d Dist.1993). This evidence, viewed in the light most favorable to the prosecution, sufficiently supported each essential element of the crime.

{¶10} We note that Croft did not present any evidence that would conflict with the elements of the offense as proffered by the State. Her testimony consisted of providing explanations for her poor performance on the field sobriety tests and for refusing to take the breath test. To the extent that Croft challenges the weight of the evidence by suggesting that the trial court should have discounted Trooper Posada's testimony, find it completely unreliable, and find her not guilty, we disagree. Although there was some dispute over whether Croft

raised her hands during the one-leg-stand test or did poorly on the alphabet test, other evidence of impairment was so significant that we cannot hold that the trial court clearly lost its way in finding Croft guilty of operating a vehicle while under the influence of alcohol. *See Thompkins*, 78 Ohio St.3d. at 387, 678 N.E.2d 541.

{¶11} Based on the foregoing discussion we overrule the assignment of error.

### *Conclusion*

{¶12} Having reviewed the arguments, the briefs, and the record in this case, we find no error prejudicial to Appellant in the particulars assigned and argued. The judgment of the Auglaize County Municipal Court, Ohio is therefore affirmed.

*Judgment Affirmed*

**ROGERS and PRESTON, J.J, concur.**

**/hls**