[Cite as *State v. Williams*, 2021-Ohio-1359.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

v.

DAVID JOE WILLIAMS,

      DEFENDANT-APPELLANT.

CASE NO. 8-20-54

O P I N I O N

Appeal from Bellefontaine Municipal Court
Trial Court No. 20 TRC 01170

**Judgment Affirmed**

Date of Decision: April 19, 2021

APPEARANCES:

    *William T. Cramer* **for Appellant**

    *Crystal K. Welsh* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant David Williams ("Williams") brings this appeal from the judgment of the Bellefontaine Municipal Court finding him guilty of operating a motor vehicle while under the influence of alcohol or drugs ("OVI"). Williams challenges the trial court's finding of guilt, claiming on appeal that the verdict is not supported by sufficient evidence and is against the manifest weight of the evidence. For the reasons set forth below, the judgment is affirmed.

*Facts and Procedure*

{¶2} On April 2, 2020, Helen Manns ("Manns") was driving on Route 68 when she observed a vehicle leave the road into a ditch, flipping a couple of times. Tr. 5-6. Manns stopped at the scene and called 9-1-1. Tr. 7. Manns saw Williams crawling out of the vehicle. Tr. 7. When Manns spoke with Williams, he just said that he had to get out of there, but crawled back into the vehicle to find his cell phone. Tr. 6-7.

{¶3} Deputy Colton Piatt ("Piatt") testified that he arrived on the scene at around 5:00 am and saw Williams. Tr. 13. When he arrived, Piatt saw the vehicle on its side while Williams was walking around upset and yelling that he had messed up. Tr. 14-15. Williams denied being injured. Tr. 14-15. While speaking to Williams, Piatt noted a moderate odor of alcoholic beverage coming from Williams, that Williams' eyes were glassy, that Williams had difficulty standing in one place, that Williams was unsteady on his feet, and that Williams appeared to have a

problem following commands given to him. Tr. 15-16. Based upon these observations, Piatt asked Williams to perform standardized field sobriety tests. Tr. 18. Williams declined to do so. Tr. 18. Piatt then arrested Williams and took him to the Logan County Jail. Tr. 18-19. At the jail, Williams refused to submit to the breath test, alleging concerns over COVID. Tr. 19-29. Piatt cited Williams with several violations: 1) OVI in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(2) as it was his third offense in ten years; 2) Driving under suspension in violation of R.C. 4510.14; 3) Driving without a valid license in violation of R.C. 4510.12; 4) Driving under suspension in violation of R.C. 4510.16; 5) Failure to wear a seat belt in violation of R.C. 4513.263(B)(1); 6) Failure to reinstate his license in violation of R.C. 4510.21; and 7) Failure to control his vehicle in violation of R.C. 4511.202. Doc. 1.

{¶4} Williams testified that he had refused to take the breath test because he was concerned about COVID. Tr. 37. Williams told Piatt that he was willing to take a blood test, but was informed that it was not an option. Tr. 37. Williams denied that Piatt asked him to perform any field sobriety tests. Tr. 37. According to Williams, Piatt just placed him in the patrol car until the ambulance arrived and once the ambulance left, Piatt took him directly to the jail. Tr. 37. Williams denied that he had been drinking that day, claiming that he was tired and had fallen asleep while driving. Tr. 35-38. On cross-examination, Williams admitted that he was released that night and did not obtain a blood test. Tr. 40. Williams testified that

he called the hospital about getting a blood test, but could not do so because he did not have the authorization from the police that the hospital required. Tr. 41-42.

{¶5} A trial to the court was held on September 18, 2020. Doc. 107. Following the testimony, as set forth above, the trial court found Williams guilty of driving under the influence of alcohol, failure to control, failure to wear a seatbelt, failure to reinstate his license, and driving without a license. Doc. 68-74. The trial court found Williams not guilty of the remaining charges. Tr. 149-150. Williams filed a timely notice of appeal from these convictions. Doc. 79. On appeal, Williams raises the following assignments of error.

**First Assignment of Error**

**[Williams'] federal and state constitutional due process rights were violated by an OVI conviction that is not supported by sufficient evidence.**

**Second Assignment of Error**

**[Williams'] OVI conviction is not supported by the weight of the evidence.**

*Sufficiency of the Evidence*

{¶6} In the first assignment of error, Williams claims that the verdicts of the trial court were not supported by sufficient evidence.

> **When reviewing a criminal case for the sufficiency of the evidence, "our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence submitted at trial, if believed, could reasonably support a finding of guilt beyond a reasonable doubt." *In re Willcox*, 3d Dist. Hancock No. 5–11–08, 2011–Ohio–3896, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d**

**380, 386, 678 N.E.2d 541 (1997). We look at the evidence in the light "most favorable to the prosecution" and will affirm the conviction if "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."** ***State v. Hunter*, 131 Ohio St.3d 67, 2011–Ohio–6524, 960 N.E.2d 955, ¶ 118. Importantly, this test raises a question of law and does not allow us to weigh the evidence.** ***Willcox* at ¶ 10.**

*State v. Croft*, 3d Dist. Auglaize No. 2-15-11, 2016-Ohio-449, ¶ 5.

{¶7} Here, Williams was convicted of OVI in violation of R.C. 4511.19(A)(1)(a). To prove that a defendant has violated this statute, the State must prove that the defendant 1) operated a motor vehicle 2) within the state 3) while the defendant was under the influence of alcohol, drugs, or a combination of the two. R.C. 4511.19(A)(1)(a). As noted above, when reviewing the evidence to determine the sufficiency, the evidence must be viewed in a light most favorable to the State. The State presented evidence that Williams was driving a vehicle on a state route within Logan County, Ohio. While driving that vehicle, Williams went off the road, rolling the vehicle. Piatt testified that Williams had a moderate odor of an alcoholic beverage around him when he spoke with him. Piatt also testified that Williams' eyes were glassy and blood shot and that Williams was unsteady on his feet. According to Piatt, Williams refused both the field sobriety tests and the breath test. "A defendant's refusal to perform field sobriety tests is admissible as evidence of his guilt." *State v. Holnapy,* 194 Ohio App.3d 444, 2011-Ohio-2995, ¶ 61, 956 N.E.2d 897 (11th Dist.). Likewise, the refusal to submit to a breath test is also admissible as evidence that the defendant believed he was under the influence of

alcohol. *State v. Vales*, 5th Dist. Stark No. 2019CA00061, 2020-Ohio-245, ¶ 77, 143 N.E.3d 577 citing *Maumee v. Anistik*, 69 Ohio St.3d 339, 632 N.E.2d 497 (1994). Viewing Piatt's testimony that indicates that Williams may have consumed alcohol, along with the facts surrounding the accident and the refusal of Williams to submit to either field sobriety tests or the breath test in a light most favorable to the State, the evidence is sufficient to support a conviction for a violation of R.C. 4511.19(A)(1)(a). The first assignment of error is overruled.

*Manifest Weight of the Evidence*

{¶8} In the second assignment of error, Williams claims that the conviction is against the manifest weight of the evidence. The question of manifest weight of the evidence concerns an "effect in inducing belief." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). When reviewing a conviction challenged as being against the manifest weight of the evidence, an appellate court acts as a "thirteenth juror" and may disagree with the jury's resolution of the conflicting testimony. *Id.*, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). But the appellate court must give due deference to the findings of the trier of fact, because

> **[t]he fact-finder occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is a Herculean endeavor. A**

> **reviewing court must, therefore, accord due deference to the credibility determinations made by the fact-finder.**

*State v. Dailey*, 3d Dist. Crawford, No. 3–07–23, 2008–Ohio–274, ¶ 7, quoting *State v. Thompson*, 127 Ohio App.3d 511, 529, 713 N.E.2d 456 (8th Dist. 1998). Therefore, an argument that a conviction is against the manifest weight of the evidence will only succeed if the appellate court finds that "in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins, supra* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983).

{¶9} Williams argues that the verdict on the OVI charge is against the manifest weight of the evidence because there was no direct evidence that he had consumed alcohol before the accident. However, there is no requirement that a defendant admit to having consumed alcohol in order for a conviction to stand. Even though Williams denied consuming alcohol, his explanation for the odor of an alcoholic beverage being on his person was that there was a bottle of hand sanitizer in the car that contained alcohol. Williams also denied being asked to submit to field sobriety tests. However, he admits that he refused the breath test and also admits that he did not obtain a blood or urine test after being released by the police. The trial court, as the trier of fact, was in the best position to observe the witnesses as they testified and determined that Piatt was more credible than Williams.

Reviewing the evidence before the trial court, this court does not find that the trier of fact clearly lost its way or that a manifest miscarriage of justice occurred. The second assignment of error is overruled.

{¶10} Having found no prejudicial error in the particulars assigned and argued by appellant, the judgment of the Bellefontaine Municipal Court is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and MILLER, J.J., concur.**

**/hls**