[Cite as *State v. Cox*, 2022-Ohio-571.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO.   2-21-15

      v.

JOSHUA J. COX,                       O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Auglaize County Municipal Court
Trial Court No. 2021 CRB 00336

Judgment Affirmed

Date of Decision:   February 28, 2022

APPEARANCES:

    *Nick A. Catania* **for Appellant**

    *Joshua A. Muhlenkamp* **for Appellee**

Case No. 2-21-15

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Joshua J. Cox ("Cox"), appeals the August 3, 2021 and August 26, 2021 judgment entries of the Auglaize County Municipal Court after Cox was found guilty (by a jury) of failure to appear. For the reasons set forth below, the judgment is affirmed.

{¶2} This origin of this case is a complaint filed by the State on June 1, 2021 in Auglaize County Municipal Court case number 2021 CRB 00336 ("2021 case") alleging that on or about April 29, 2021 Cox failed to appear in court as required in case number 2020 CRB 00586 ("2020 case") after having been released on an own recognizance bond by the trial court.[1] (Doc. No. 7). On June 16, 2021, Cox appeared for arraignment and entered a not-guilty plea. (Doc. No. 17).

{¶3} A jury trial commenced on August 2, 2021, and the jury found Cox guilty of failure to appear.[2] (Doc. Nos. 25, 29, 30, 33, 34, 74); (Aug. 2, 2021 Tr. at 1, 162-163). Thereafter, the trial court sentenced Cox to 180 days in jail, a $150 fine, and issued a judgment for costs.[3] (Doc. Nos. 55, 75); (Aug. 26, 2021 Tr. at 2-4).

---

[1] In his 2020 case, Cox had been charged with theft and tampering with a utility meter for allegedly reconnecting a water meter after it had been disconnected as a result of a default in payment obligations by the obligor–Cox's wife with whom he resided. (Doc. No. 74); (Aug. 2, 2021 Tr. at 1).
[2] The judgment entry of conviction (in Cox's 2021 case) was filed on August 3, 2021. (Doc. No. 34). Notably, the jury acquitted Cox of the theft and tampering charges relative to his 2020 case. (Aug. 2, 2021 Tr. at 162-163).
[3] The judgment entry of sentencing was filed on August 26, 2021. (Doc. No. 55).

{¶4} On August 27, 2021, Cox filed timely notice of appeal. (Doc. No. 64).

He presents two assignments of error for our review, which we will address together.

**Assignment of Error No. I**

**The Trial Court's Decision Finding The Defendant-Appellant Guilty Was Against The Manifest Weight Of The Evidence[.]**

**Assignment of Error No. II**

**The Trial Court Abused Its Discretion In Not Granting The Defendant's Motion For Acquittal, Pursuant To Criminal Rule 29, In That The Evidence Of The State Of Ohio Was Insufficient For The Matter To Have Been Submitted To The Jury[.]**

{¶5} In his first assignment of error, Cox argues that his conviction is against the manifest weight of the evidence. Specifically, Cox argues that the jury's credibility determination resulted in inconsistent verdicts. In his second assignment of error, Cox asserts that the trial court should have granted his Crim.R. 29 motion for acquittal because the State presented insufficient evidence to support the *mens rea* element of his failure-to-appear finding of guilt.

*Standard of Review*

{¶6} Manifest "weight of the evidence and sufficiency of the evidence are clearly different legal concepts." *State v. Thompkins*, 78 Ohio St.3d 380, 389 (1997), *superseded by statute on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Thus, we address each legal concept, individually.

**{¶7}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds*, *Smith* at 89. Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 1st Dist. Hamilton No. C-110097, 2011-Ohio-6267, ¶ 25. *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *Thompkins* at 386; *State v. Williams*, 3d. Dist. Logan No. 8-20-54, 2021-Ohio-1359, ¶ 6, quoting *State v. Croft*, 3d Dist. Auglaize No. 2-15-11, 2016-Ohio-449, ¶ 5.

**{¶8}** On the other hand, in determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of

witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). But we must give due deference to the fact-finder, because

> [t]he fact-finder [* * *] occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is a [H]erculean endeavor. A reviewing court must, therefore, accord due deference to the credibility determinations made by the fact-finder.

*Williams* at ¶ 8, quoting *State v. Dailey*, 3d Dist. Crawford, No. 3-07-23, 2008-Ohio-274, ¶ 7, quoting *State v. Thompson*, 127 Ohio App.3d 511, 529 (8th Dist. 1998). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

{¶9} Because Cox assigns error to the purpose of a Crim.R. 29 motion for acquittal, we review a denial of a Crim.R. 29 motion for judgment of acquittal using

the same standard that is used to review a sufficiency of the evidence claim. *See State v. Diabato*, 3d Dist. Union No. 14-18-23, 2019-Ohio-3542, ¶ 11.

*Sufficiency of the Evidence Analysis*

{¶10} Importantly, Cox moved the trial court for a judgment of acquittal pursuant to Crim.R. 29(A) at the conclusion of the State's case-in-chief, which was denied. (*See* Aug. 2, 2021 Tr. at 122-124). However, Cox failed to renew that motion at the conclusion of all the evidence. (*See id.* at 144-146).

> In order to preserve the issue of sufficiency on appeal, this court has held that "[w]hen a defendant moves for acquittal at the close of the state's evidence and that motion is denied, the defendant waives any error which might have occurred in overruling the motion by proceeding to introduce evidence in his or her defense. In order to preserve a sufficiency of the evidence challenge on appeal once a defendant elects to present evidence on his behalf, the defendant must renew his Crim.R. 29 motion at the close of all the evidence."

*State v. Hurley*, 3d Dist. Hardin No. 6-13-02, 2014-Ohio-2716, ¶ 36, quoting *State v. Edwards*, 3d Dist. Marion No. 9-03-63, 2004-Ohio-4015, ¶ 6. Based on this court's precedent, Cox's failure to renew his Crim.R. 29(A) motion at the conclusion of his case-in-chief or at the conclusion of all evidence waived all but plain error on appeal. *Id.* at ¶ 37, citing *State v. Flory*, 3d Dist. Van Wert No. 15-04-18, 2005-Ohio-2251, ¶ 4, citing *Edwards* at ¶ 6.

{¶11} Here, Cox was convicted of failure to appear in violation of R.C. 2937.29 and 2937.99. (Doc. Nos. 34, 55, 74, 75); (Aug. 2, 2021 Tr. at 162-163); (Aug. 26, 2021 Tr. at 1). R.C. 2937.29 provides:

> When from all the circumstances the court is of the opinion that the accused will appear as required, either before or after conviction, the accused may be released on his *own recognizance*. A *failure to appear* as required by such recognizance shall constitute an offense subject to the penalty provided in section 2937.99 of the Revised Code.

(Emphasis added.) R.C. 2937.99 states in its pertinent parts:

> (A) No person shall fail to appear as required, after having been released pursuant to section 2937.29 of the Revised Code. Whoever violates this section is guilty of failure to appear and shall be punished as set forth in division * * * (C) of this section.
>
> * * *
>
> (C) If the release was in connection with a misdemeanor charge or for appearance as a witness, failure to appear is a misdemeanor of the first degree.

{¶12} Significantly, R.C. 2937.29 does not specify a culpable mental state. *See* R.C. 2901.21(C); 2901.22(C). The Ohio Supreme Court confirms that where a statute does not specify a *mens rea* or does not plainly indicate imposing strict liability, then recklessness is sufficient culpability to commit the offense. *State v. Adams*, 62 Ohio St.2d 151, 152-53 (1980), citing former R.C. 2901.21(B), now R.C. 2901.21(C). Based upon our review of R.C. 2937.29, we recognize that a violation of R.C. 2937.29 is *not* a strict liability offense, and therefore, that proof of the culpable mental state "recklessly" is an element of a failure-to-appear offense. *See State v. Connin*, 6th Dist. Fulton No. F-21-001, 2021-Ohio-4445, ¶ 8.

{¶13} Thus, in the instant case, the State had the burden of proving guilt beyond a reasonable doubt that: 1) Cox was released on an own recognizance; and

2) that he *recklessly* failed to appear as required by such recognizance. *See* R.C. 2901.05(A); 2901.21(C); 2901.22(C); 2937.29. *See also id.* at ¶ 9.

{¶14} Importantly, Cox does not dispute that he was released on an own recognizance bond with conditions. (*See* Appellant's Brief at 6). (*See also* State's Ex. 4). Since Cox's challenge simply asserts insufficiency as to the second element of his failure-to-appear offense, we need only address the "recklessly" element of his argument. Under R.C. 2901.22(C),

> A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

{¶15} In its case-in-chief, the State sought the admission of State's Exhibit 4, a certified copy of the executed recognizance from September 30, 2020 and State's Exhibit 5, a certified copy of the judgment entry ordering a bench warrant issue following Cox's failure to appear at a pre-trial conference hearing scheduled on April 29, 2021 (in Cox's 2020 case).[4] (Aug. 2, 2021 Tr. at 111-114, 120-122); (State's Ex. 5).

{¶16} Markedly, Cox's address, testified by him at trial (i.e., 709 Gordon Grove Dr., Apartment 755, St. Mary's, Ohio 45885), is not the same address listed

---

[4] Based on our review of limited record before us, it is unclear who was present for the pretrial conference. (*See* State's Ex. 5).

on his own recognizance bond executed on September 30, 2020 (i.e., 755 Gordon Grove Dr., St. Mary's, Ohio 45885). Hence, the address that Cox provided to the trial court, and derivatively, the clerk of court, is erroneous and inadequate. (*See id.* at 126-127); (State's Ex. 4). Thus, any delay in Cox's notification of his pretrial conference can be attributed to Cox (and not his landlord). Moreover, the result of Cox's failure to provide the trial court and clerk of court with his *correct* mailing address caused the delay in the notification of the court pretrial. What's more, according to Cox's testimony at trial, this was not the first time that Cox's landlord had received his mail in error resulting in a detrimental delay to Cox (i.e., his delay in receiving his Economic Impact Payment otherwise known as a Stimulus Check). (*Id.* at 127-128).

{¶17} Viewing the evidence presented in a light most favorable to the prosecution, we conclude that a rational trier of fact could conclude beyond a reasonable doubt based upon the testimony of Sergeant Joshua Boos ("Boos"), Cox, and State's Exhibits 4 and 5 that Cox recklessly failed to appear in the trial court on April 29, 2021 in his 2020 case. As such, Cox's conviction for failure to appear (in his 2021 case) is based on sufficient evidence. Thus, the trial court did not err by denying his Crim.R. 29 motion for acquittal.

{¶18} Having concluded that Cox's conviction is based on sufficient evidence, and that the trial court did not err in denying Cox's motion for acquittal,

-9-

we address Cox's argument that his conviction against the manifest weight of the evidence.

*Manifest Weight of the Evidence Analysis*

**{¶19}** Cox asserts that the jury found him credible and acquitted him of the offenses in his 2020 case but convicted him as to the offense in his 2021 case resulting in a jury-credibility determination rendering inconsistent verdicts.

**{¶20}** "Although we review credibility when considering the manifest weight of the evidence, the credibility of witnesses is primarily a determination for the trier of fact." *State v. Banks*, 8th Dist. Cuyahoga No. 96535, 2011-Ohio-5671, ¶ 13, citing *DeHass*, 10 Ohio St.2d 230, at paragraph one of the syllabus. "The trier of fact is best able 'to view the witnesses and observe their demeanor, gestures[,] and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" *Id.*, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 24, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80-81 (1984).

**{¶21}** Here, notwithstanding Cox's argument, "we are mindful of the jury's 'superior first-hand perspective in judging the demeanor and credibility of witnesses.'" *State v. Suffel*, 3d Dist. Paulding No. 11-14-05, 2015-Ohio-222, ¶ 33, quoting *State v. Phillips*, 10th Dist. Franklin No. 14AP-79, 2014-Ohio-5162, ¶ 125, citing *DeHass* at paragraph one of the syllabus.

{¶22} Indeed, the jury heard the witnesses' testimonies and was in the best position to determine whether the testimonies (as to the elements of each offense) were credible. Certainly, it is within the province of the jury to parse out the credible portions of Cox's testimony, principally as it pertained to his rationale for his failure to appear from what is not credible. *See State v. Wainwright*, 7th Dist. Mahoning No. 119 MA 0023, 2020-Ohio-623, ¶ 37, citing *State v. Mastel*, 26 Ohio St.2d 170, 176 (1971). Moreover, under the facts before us, we are not dealing with inconsistent verdicts on different counts in a multi-count indictment, but rather, facts involving two completely separate indictments, with underlying facts that are direct, uncomplicated and offenses that could be reasonable separated from one another. (*See* Doc. No. 74); (Aug. 2, 2021 Tr. at 1-145).

{¶23} Although Cox's argument suggests that the verdicts in his 2020 and 2021 cases are inconsistent based upon the outcome, the record supports that the jury's acquittal of Cox as to the offenses in his 2020 case could have resulted from any number of reasons, none of which are relevant to our determination of the weight of the evidence in his 2021 case.

{¶24} As we summarized above in our sufficiency-of-the-evidence analysis the evidence supporting Cox's failure-to-appear conviction, is weightier than the evidence against it. Consequently, we will not conclude that the jury clearly lost its

way creating such a manifest miscarriage of justice that Cox's conviction must be reversed and a new trial ordered.

{¶25} Accordingly, Cox's first and second assignments of error are overruled.

{¶26} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and SHAW, J.J., concur.**

**/jlr**