[Cite as *State v. Woten*, 2022-Ohio-1710.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  1-21-49

      v.

GREGORY P. WOTEN, SR.,              O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2021 0057

Judgment Affirmed

Date of Decision:  May 23, 2022

APPEARANCES:

    *Linda Gabriele* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Gregory P. Woten, Sr. ("Woten"), appeals the judgment entry of the Allen County Court of Common Pleas. Woten was found guilty (by a jury) of four criminal counts of "Operating vehicle under the influence of alcohol drugs - OVI" (hereinafter "OVI") and two criminal counts of "Aggravated vehicular assault". On appeal, Woten avers that the verdicts are not supported by sufficient evidence and are against the manifest weight of the evidence. For the reasons set forth below, we affirm.

{¶2} This genesis of this case is the April 6, 2020 traffic crash involving a motor vehicle owned by Woten. At the time of the incident, there were three occupants in the vehicle including Woten, Jeremy D. Truman ("Truman") and Krista DeSote ("DeSote"). The crash occurred on State Route 117 in Allen County, Ohio and involved another vehicle driven by Eric Swinehart ("Swinehart"). As a result of the crash, Woten, Truman, DeSote, and Swinehart all sustained injuries.

{¶3} On February 11, 2021, Woten was indicted by the Allen County Grand Jury on seven criminal counts: Counts One through Four for OVI, all third-degree felonies, and Counts Five through Seven for Aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), (B)(1), all third-degree felonies. On June 24, 2021, Woten filed written pleas of not guilty to all charges.

**{¶4}** On August 19, 2021, the State filed an *unopposed* motion to amend Count Two of the indictment to add the language "he had a concentration of ninety-six-thousandths of one percent or more but less than two hundred four-thousandths of one percent by weight per unit volume of alcohol in his blood serum or plasma." On August 24, 2021, the trial court granted the State's request.

**{¶5}** On August 31, 2021, prior to the commencement of the jury trial, the State dismissed Count Five. Thereafter, the jury trial commenced, and ultimately Woten was found guilty of all remaining of the counts in the indictment. (Doc. Nos. 72, 73, 74, 75, 76, 77, 78); (Aug. 31, 2021 Tr. at 209-215).

**{¶6}** On October 18, 2021, the trial court held a sentencing hearing. The trial court determined that Counts One, Two, Three, and Four merged for the purposes of conviction and sentencing, and the State elected to proceed on Count Three. The trial court found that Counts Six and Seven did not merge for the purposes of conviction and sentencing. Thereafter, the trial court sentenced Woten to a mandatory 60-day prison term with an additional 12-month nonmandatory prison term on Count Three, and mandatory prison terms of 24 months on Counts Six and Seven. The trial court ran Counts Three, Six, and Seven consecutive to one another for an aggregate mandatory stated prison term of four years and 60 days consecutive to the non-mandatory 12-month term.

{¶7} Woten filed a timely notice of appeal and presents two assignments of error for our review that we will address together.

**Assignment of Error No. I**

**The Guilty Verdict On Each Count Was Based Upon Insufficient Evidence.**

**Assignment of Error No. II**

**The Guilty Verdict On Each Count Was Against The Manifest Weight Of The Evidence.**

{¶8} In his first and second assignments of error, Woten argues that his convictions are not based on sufficient evidence and are against the manifest weight of the evidence. In particular, in his first assignment of error, Woten argues that the State failed to establish that he was the person operating the vehicle involved in the crash on April 6, 2020. In his second assignment of error, Woten asserts that the witnesses who identified him as the driver of the vehicle either mistakenly identified him as a result of their own intoxication or were motivated by self-preservation.

*Standard of Review*

{¶9} Manifest "weight of the evidence and sufficiency of the evidence are clearly different legal concepts." *State v. Thompkins*, 78 Ohio St.3d 380, 389 (1997), *superseded by statute on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Thus, we address each legal concept, individually.

**{¶10}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds*, *Smith* at 89. Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 1st Dist. Hamilton No. C-110097, 2011-Ohio-6267, ¶ 25. *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *Thompkins* at 386; *State v. Williams*, 3d Dist. Logan No. 8-20-54, 2021-Ohio-1359, ¶ 6, quoting *State v. Croft*, 3d Dist. Auglaize No. 2-15-11, 2016-Ohio-449, ¶ 5.

**{¶11}** On the other hand, in determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of

witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). But, we must give due deference to the fact-finder, because

> [t]he fact-finder occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is a Herculean endeavor. A reviewing court must, therefore, accord due deference to the credibility determinations made by the fact-finder.

*Williams*. 2021-Ohio 1359, at ¶ 8 (3d Dist.), quoting *State v. Dailey*, 3d Dist. Crawford, No. 3-07-23, 2008-Ohio-274, ¶ 7, quoting *State v. Thompson*, 127 Ohio App.3d 511, 529 (8th Dist. 1998). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

*Analysis*

**{¶12}** Here, Woten was convicted of all six remaining counts in the indictment. Since the trial court merged Counts One, Two, Three, and Four and because the State elected to proceed to sentencing on Count Three, we only need to address Woten's sufficiency-of-the-evidence arguments as it pertains to Counts Three, Six, and Seven. Thus, error, if any, with respect to the sufficiency or weight of the evidence as to Woten's OVI convictions under Counts One, Two, and Four is harmless beyond a reasonable doubt because the trial court merged those counts with Count Three. Indeed, the Supreme Court of Ohio has explicitly stated that a "conviction" requires both a finding of guilt and a sentence. *State v. Ramos*, 8th Dist. Cuyahoga No. 103596, 2016-Ohio-7685, ¶ 16, citing *State v. Henderson*, 58 Ohio St.2d 171, 178 (1979). For these reasons, we need not address any arguments challenging the sufficiency or weight of the evidence regarding Woten's OVI convictions under Counts One, Two, and Four. *See Ramos* at ¶ 13, 18.

*Sufficiency of the Evidence Analysis*

**{¶13}** Woten was convicted of OVI in violation of R.C. 4511.19(A)(1)(j)(ii), (G)(1)(e), a *per se* offense. To prove the offense, the State must prove that Woten: 1) operated any vehicle; 2) within this state; 3) while having "concentration of cocaine in the person's urine of at least one hundred fifty nanograms of cocaine per milliliter of the person's urine * * *." R.C. 4511.19(A)(1)(j)(ii). Under R.C.

4511.19(G)(1)(e), if the defendant is convicted of violating R.C. 4511.19(A) and has previously been convicted of violating R.C. 4511.19(A), then the defendant's offense is a felony of the third degree. R.C. 4511.19(G)(1)(e).

{¶14} Woten was also convicted in Counts Six and Seven of Aggravated vehicular assault under R.C. 2903.08(A)(1)(a), (B)(1). R.C. 2903.08 provides that "No person, while operating * * * a motor vehicle * * *, shall cause serious physical harm to another person * * *[.] As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code * * *[.]" R.C. 2903.08(A)(1)(a).

{¶15} Importantly, Woten does not dispute any of the underlying elements of any of the offenses of which he was convicted, other than, whether he was the operator of the vehicle involved in the crash. Thus, we need only address that element of the offenses.

{¶16} Woten argues that there is no direct evidence to identify him as the operator of the vehicle, other than, Truman and DeSote whom he avers lack credibility because they were intoxicated or had a motive to lie. Thus, Woten's sufficiency-of-the-evidence argument focuses on the credibility of Truman and DeSote.

{¶17} In reviewing the sufficiency of the evidence, we cannot resolve evidentiary conflicts or assess the credibility of witnesses. Instead, we must

determine whether a rational trier of fact could have found the essential elements of each offense beyond a reasonable doubt when viewing the evidence in a light most favorable to the prosecution. *Jenks*, 61 Ohio St.3d 259, at paragraph two of the syllabus; *Jones*, 2013-Ohio-4775, at ¶ 33. Here, Woten's sufficiency-of-the-evidence argument fails because the credibility of Truman and DeSote is reserved for the finder of fact to determine, not us.

{¶18} Regardless, both Truman and DeSote testified at trial that Woten was the sole operator of the vehicle. (Aug. 31, 2021 Tr. 119-121, 129-132, 137-138). Additionally, Heather Stebelton, a passerby, who witnessed the crash, also testified at trial that DeSote approached her and immediately identified Woten as the operator of the vehicle at the crash scene. (*Id.* at 141, 143). Further, Ohio State Highway Patrol Trooper John Sanders-Tirado ("Sanders-Tirado") testified that he spoke to Truman and DeSote at Lima Memorial Hospital after the crash, and both identified Woten as the driver of the vehicle. (*Id.* at 156).

{¶19} Moreover, Sanders-Tirado testified that he spoke with Woten at St. Rita's Medical Center ("SRMC") following the crash wherein Woten admitted to operating the vehicle. (*Id.* at 157-158). That conversation was overheard by a nurse who documented Woten's statement (to Sanders-Tirado) in Woten's medical chart. State's Exhibit 13 contained Woten's medical chart from St. Rita's hospital which contained the following report of the emergency-room nurse:

Ohio state HWY patrol in room at this time. Pt states at this time to officer "*I was driving the car*, coming back from Indian Lake." Pt states "a guy chased us off the road." pt [sic] states "I want you to get him." Pt would not answer any further questions about the accident when officer asked.

(Emphasis added.) (State's Ex. 13).[1]

**{¶20}** Accordingly, viewing the evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could conclude beyond a reasonable doubt, based upon the testimonies of Stebleton, Truman, DeSote, and Sanders-Tirado that *Woten operated* the vehicle on April 6, 2020 in Allen County, Ohio, that was involved in the crash. As such, Woten's OVI and Aggravated-vehicular-assault convictions are based on sufficient evidence.

**{¶21}** Having concluded that Woten's convictions are based on sufficient evidence, we address Woten's argument that his convictions are against the manifest weight of the evidence.

*Manifest Weight of the Evidence Analysis*

**{¶22}** Woten raises an identical sufficiency-of-the-evidence argument in his second assignment of error. In particular, Woten contends that the witness testimonies that he was the driver of the vehicle in question were against the

---

[1] Woten also stipulated to the admission of State's Exhibits 10, 11, 12 (i.e., Ohio State Highway Patrol's Alcohol Analysis, Blood Drug Toxicology, and Urine Drug Toxicology Reports) and State's Exhibit 14 (i.e., a certified judgment entry from Auglaize County Common Pleas Court, Criminal Division, reflecting Woten's prior felony conviction for OVI (with five prior convictions in 22 years) in violation of R.C. 4511.19(A)(1)(a), (G)(1)(d), a fourth-degree felony).

manifest weight of the evidence because both witnesses were intoxicated at the time they identified him as the driver and because both witnesses had a motive to lie.

{¶23} While Woten argues that Truman and DeSote were intoxicated, the record does not provide us with any evidence to determine their levels of intoxication or whether law enforcement had an opinion whether either were intoxicated.

{¶24} Even though Woten tries to discredit Truman and DeSote testimonies based upon their intoxication, the trier of fact was in the best position to determine Truman and DeSote's usage of alcohol and drugs prior to the crash and whether such impacted their testimonies. Consequently, we will not disturb the jury's witness-credibility determination based on the forgoing. Thus, Woten's argument lacks merit.

{¶25} Next, we turn to Woten's argument that Truman and DeSote had a motive to lie. Woten argues that Truman and DeSote had a motive to *mis*identify Woten as the driver of the vehicle based upon "self-preservation" because DeSote was shielding her boyfriend, Truman, from being named as the driver. On the contrary, there was no evidence elicited at trial, which would support such a theory. It is clear to us that the jury weighed reasonable inferences in their witness-credibility determination and found Truman and DeSote were credible as to the issue of who was the driver of the vehicle.

{¶26} After reviewing the entire record, we will not say that the evidence weighs heavily against Woten's OVI and Aggravated-vehicular-assault convictions. Consequently, we will not conclude that the jury clearly lost its way, which created such a manifest miscarriage of justice that Woten's convictions must be reversed and a new trial ordered.

{¶27} Accordingly, Woten's first and second assignments of error are overruled.

{¶28} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**MILLER and SHAW, J.J., concur.**

**/jlr**