[Cite as *State v. Simonis*, 2014-Ohio-5091.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 13-14-05

      v.

JAMES E. SIMONIS,                 **O P I N I O N**

      DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 13-CR-0149

**Judgment Affirmed**

Date of Decision: November 17, 2014

APPEARANCES:

    *Gene P. Murray* for Appellant

    *Derek W. DeVine* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant James E. Simonis ("Simonis") appeals the January 29, 2014 judgment of the Seneca County Common Pleas Court sentencing Simonis to four years in prison after Simonis was found guilty in a jury trial of Robbery in violation of R.C. 2911.02(A)(2).

{¶2} The facts relevant to this appeal are as follows. On September 10, 2013, Simonis was indicted for one count of Robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree. (Doc. 1). On September 26, 2013, a Bill of Particulars was filed indicating that the charge stemmed from an August 21, 2013, incident wherein Simonis allegedly inflicted or attempted to inflict physical harm on a Kroger employee while fleeing from a theft offense at Kroger. (Doc. 11).

{¶3} On October 8, 2013, Simonis was arraigned and pled not guilty to the charge. (Doc. 14).

{¶4} On December 3, 2013, Simonis filed a "Motion for Copy of Kroger Stores' Employee Policy of Stopping Persons in Cases of Suspected Thefts." (Doc. 26). In the motion Simonis contended that the evidence was discoverable under Crim. R. 16(B)(5). (*Id.*)

{¶5} On December 5, 2013, the State filed a response in opposition to Simonis's motion, arguing that the policy was not part of the State's case-in-chief,

that it was not relevant or favorable to Simonis, that the State did not possess the policy and that the State had no duty to provide the policy. (Doc. 28).

{¶6} On December 12, 2013, the trial court filed an entry denying Simonis's motion for a copy of the employee policy reasoning that Simonis "has the right to subpoena the requested information from the Kroger Store." (Doc. 31). After the trial court's ruling, Simonis filed a subpoena duces tecum addressed to "Kroger's Manager" requesting a copy of the store's employee policy. (Doc. 30).

{¶7} On December 13, 2013, the State filed a "Motion in Limine to exclude evidence relating to Kroger Store Policy" arguing that the policy was irrelevant as "[w]hether [the employee] followed store policy when he confronted [Simonis] regarding the theft has nothing to do with the elements of the offense." (Doc. 31).

{¶8} On December 16, 2013, Kroger filed a "Motion to Quash Subpoena of Non-Party Pursuant to Ohio Criminal Rule 17[.]" (Doc. 34). In the motion Kroger argued that the subpoena was defective for not naming a person who was supposed to respond to the subpoena, and that the policy was irrelevant as it only governed Kroger's employees and not its presumed customers. (*Id.*)

{¶9} On December 16-17, 2013, the case proceeded to a jury trial. Prior to the commencement of the trial, the court addressed Kroger's motion to quash, the subpoena duces tecum, and the State's motion in limine. The trial court stated that

-3-

it wanted to see Kroger's policy and review it *in camera* before ruling on the motions. The court ultimately did receive the policy, reviewed it *in camera*, and granted Kroger's motion to quash. The trial court stated that the policy was not relevant, and that the court's ruling on the motion did not prevent Simonis from subpoenaing witnesses from Kroger. (Tr. at 42). Based on the court's ruling on the motion to quash, the court determined that the State's motion in limine was rendered moot. An entry reflecting this ruling was filed December 17, 2013. (Doc. 35).

{¶10} Also prior to commencement of the trial, Simonis made a request for a jury instruction on the lesser included offense of theft. The trial court stated at that time it had not heard the evidence and would rule on the request after hearing the evidence.

{¶11} Simonis's jury trial then commenced. The testimony and exhibits introduced at trial indicated that Simonis went into Kroger at around 12:30 a.m. and took a twelve pack of Corona Light and a twelve pack of Bud Light Lime Straw-ber-itas without paying for them and walked out of the store. This was witnessed by Diana Edinger, a night cashier at Kroger. Edinger testified that she was the only cashier on duty at that time and that she called the police when Simonis left the store without paying for the beer. (Tr. at 97).

{¶12} Shawn Craig, a grocery clerk at Kroger, testified that he was "doing tags" when he also witnessed Simonis take the beer without paying. (Tr. at 100-101). Craig testified that he ran after Simonis as Simonis exited Kroger with the beer. (Tr. at 101). Craig testified that as Simonis got into the parking lot, a white Jeep SUV pulled up to the front of the Kroger and Simonis put the beer in the front seat through an open window. (Tr. at 101). Craig testified that Simonis was then trying to open the passenger side door when Craig caught up to Simonis. (Tr. at 102). Craig testified that he shut Simonis's door and then tried to grab the beer through the open window. (*Id*.) Craig testified that Simonis then put an arm around Craig's neck and took him to the ground. (Tr. at 102). Craig testified that as a result of being taken to the ground his "inner lip broke," though he testified it was "not serious." (Tr. at 103).

{¶13} Craig testified that after taking him to the ground, Simonis got up and ran to the white Jeep. (Tr. at 103). Craig testified that he got a partial license plate number as the Jeep drove off. (*Id*.)

{¶14} During Craig's testimony the State played surveillance video of Simonis passing the point of sale in Kroger without paying for the beer in his hands, and of Craig running after Simonis. (State's Ex. 4). The surveillance video shows Simonis taking Craig to the ground in the parking lot after Craig reached

the passenger side door of the white Jeep SUV, and it also shows Simonis getting back into the Jeep. (State's Ex. 4).

{¶15} Two officers also testified at trial, Officer Evan Ely and Officer Dennis.[1] Officer Ely testified that he got a call from a dispatcher about an incident at Kroger involving a white Jeep SUV. (Tr. at 87). Officer Ely testified that he stopped a vehicle he suspected to have been involved in the incident and recognized the driver from previous dealings. (Tr. at 88). Officer Ely testified that he asked why the passenger, Simonis, was so sweaty and then called for assistance and Officer Dennis responded. (Tr. at 90).

{¶16} Officer Dennis testified that he responded to assist Officer Ely and identified the passenger of the vehicle as Simonis, noticing that Simonis was drenched in sweat. Officer Dennis made an in-court identification of Simonis. (Tr. at 57). Officer Dennis testified that he looked into the vehicle and saw a twelve pack of Corona Light on the floor of the passenger side of the vehicle, and a twelve pack of Bud Light Lime Straw-ber-itas in the backseat behind the passenger's side. (Tr. at 57-58). Officer Dennis testified that he asked Simonis where Simonis got the beer, and Simonis said he got the beer "from a guy." (Tr. at 58). Simonis told Officer Dennis that he had not been to Kroger that night/early morning. (Tr. at 60). Officer Dennis testified that he subsequently took Simonis

---

[1] Officer Dennis's full name is never given in the transcript.

back to Kroger to have employee Shawn Craig identify him, which he did. (Tr. at 60).

{¶17} Officer Dennis testified that he thought he was initially investigating a theft from Kroger, but learned while speaking with Craig that Simonis had put Craig in a "headlock" and took him to the ground outside of the Kroger store when Craig chased Simonis into the parking lot. (Tr. at 62). Officer Dennis testified that Craig ended up with a split lip, or an abrasion on his lip, as a result of being taken to the ground. (Tr. at 74). Officer Dennis further testified that he photographed Craig's split lip and that photograph was introduced into evidence. (Tr. at 82).

{¶18} At the conclusion of the State's case, Simonis's counsel made a Criminal Rule 29 motion for acquittal, which was denied by the trial court. Simonis's counsel then requested that the court issue a lesser included offense instruction on "Assault" in violation of R.C. 2903.13(A), and the court denied this request. Simonis's counsel subsequently stated that he misspoke and wanted a lesser included offense instruction on theft in violation of R.C. 2913.02(A). The court also denied that request.

{¶19} The parties then proceeded to closing arguments. Afterward, the jury was given instructions and the case was submitted to the jury. The jury found

Simonis guilty of Robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree.

**{¶20}** A sentencing hearing was held January 28, 2014[2] and Simonis was sentenced to four years in prison. A judgment entry reflecting this sentence was filed January 29, 2014.

**{¶21}** It is from this judgment that Simonis appeals, asserting the following assignments of error for our review.

**ASSIGNMENT OF ERROR 1**
**THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE DEFENDANT'S MOTION FOR A COPY OF THE KROGER STORE'S EMPLOYEE POLICY OF STOPPING PERSONS IN CASES OF SUSPECTED THEFTS; AND THE TRIAL COURT ALSO ABUSED ITS DISCRETION BY QUASHING THE DEFENDANT'S SUBPOENA DUCES TECUM FOR A COPY OF THE KROGER STORE'S EMPLOYEE POLICY OF STOPPING PERSONS IN CASES OF SUSPECTED THEFTS; AND AS A COROLLARY, THE TRIAL COURT SIMILARLY ABUSED ITS DISCRETION BY NOT ALLOWING THE DEFENSE TO READ AND REVIEW, TO WIT, TO DISCOVER, THE KROGER STORE'S EMPLOYEE POLICY OF STOPPING PERSONS IN CASES OF SUSPECTED THEFTS.**

**ASSIGNMENT OF ERROR 2**
**THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE DEFENDANT'S MOTION FOR A JURY INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF MISDEMEANOR THEFT, THEREBY RESULTING IN REVERSIBLE ERROR.**

---

[2] No transcript of this hearing was provided.

**ASSIGNMENT OF ERROR 3**
**THE JURY'S VERDICT OF GUILTY OF ROBBERY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, THEREBY RESULTING IN REVERSIBLE ERROR.**

{¶22} For the sake of clarity, we elect to address the assignments of error out of the order in which they were raised.

*Third Assignment of Error*

{¶23} In Simonis's third assignment of error, he argues that his conviction for Robbery was against the manifest weight of the evidence. An appellate court's function when reviewing the weight of the evidence is to determine whether the greater amount of credible evidence supports the verdict. *State v. Thompkins,* 78 Ohio St.3d 380, 387 (1997). In doing so, this Court must review the entire record, weigh the evidence and all of the reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the factfinder "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins*, 78 Ohio St.3d at 387. Because reversals based upon the manifest weight are for exceptional circumstances, as the Ohio Supreme Court held in *Thompkins,* Section 3(B)(3), Article IV of the Ohio Constitution mandates the unanimous concurrence of all three judges on the reviewing panel to reverse a defendant's conviction. *Thompkins* at 389.

{¶24} In this case Simonis was convicted of Robbery in violation of R.C. 2911.02(A)(2), which reads, "No person, in attempting or committing a theft offense or *in fleeing immediately after the attempt or offense*, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]"  (Emphasis added.)

{¶25} The evidence in this case is uncontroverted that Simonis committed a theft offense at the Kroger store by taking the two twelve packs of beer.  Both the cashier, Edinger, and the grocery clerk, Craig, testified that they saw Simonis pass the point of sale with the two twelve packs of beer without paying for them.  The surveillance video from Kroger, which was introduced by the State, corroborates these witnesses' testimony.  In fact, while he did not put forth any evidence, Simonis seemed to concede that there was a theft committed in his opening and closing statements, and he does not challenge the theft element of Robbery in his brief to this Court.  (Tr. at 53); (Tr. at 167).

{¶26} However, Simonis does challenge whether he inflicted or attempted to inflict physical harm on Craig while fleeing from the theft offense.  Simonis contends that the pictures of Craig did not show physical harm occurred, and that the video of the incident showed that Simonis was punched in the face by Craig and thus Simonis was not the aggressor.

{¶27} Despite Simonis's arguments, Craig testified that his lip was split as Simonis took him to the ground. Officer Dennis testified that he saw the abrasion and that he photographed it. Officer Dennis also testified that the picture did not do justice to what he saw in person. "Physical harm" is defined in R.C. 2901.01(A)(3) as "any injury * * * *regardless of its gravity or duration*." (Emphasis added.) While Craig's injury may not have been severe, as he himself testified, there was clearly testimony indicating from Craig and Officer Dennis that Craig had an abrasion and a split lip as a result of Simonis taking him to the ground.

{¶28} Moreover, not only does the evidence support a finding of physical harm, however slight, a jury could certainly conclude based on the fact that Simonis wrapped his arm around Craig's neck and pulled him to the ground that Simonis *attempted* to cause physical harm to Craig, which would also satisfy the elements of Robbery under R.C. 2911.02(A)(2).

{¶29} Furthermore, we would note that there is no indication from the video that Craig ever punched Simonis or that Craig initiated physical contact with Simonis as Simonis suggests on appeal. The video supports Craig's testimony that Craig shut Simonis's door and then Simonis wrapped an arm around Craig's neck and took him to the ground. In addition to the video evidence, Craig specifically

testified that he never struck Simonis. Thus Simonis's argument on this issue is not well-taken.

**{¶30}** Accordingly we cannot find that under the facts and circumstances of this case that the jury clearly lost its way in finding Simonis guilty of Robbery. Therefore Simonis's third assignment of error is overruled.

*Second Assignment of Error*

**{¶31}** In Simonis's second assignment of error, he argues that the trial court erred by denying his request for a jury instruction on the lesser included offense of theft. "When reviewing a court's refusal to give a requested jury instruction, an appellate court considers whether the trial court's refusal to give said instruction was an abuse of discretion under the facts and circumstances of the case." *State v. Kunz*, 6th Dist. Wood No. WD-10-047, 2011-Ohio-3115, ¶ 30, citing *State v. Wolons*, 44 Ohio St.3d 64, 68 (1989).

**{¶32}** It is not disputed that theft is a lesser included offense of robbery. *State v. Smith,* 117 Ohio St.3d 447, 2008–Ohio–1260, paragraph two of the syllabus. However, the mere fact that an offense is a lesser included offense of the charged offense does not mean that the trial court must instruct on both offenses. *State v. Keith,* 10th Dist. Franklin No. 08AP–28, 2008–Ohio–6122, ¶ 35, citing *State v. Wilkins,* 64 Ohio St.2d 382, 387 (1980). A party is not entitled to an instruction on a lesser included offense unless the evidence presented at trial

would reasonably support both an acquittal on the crime charged and a conviction on the lesser included offense. *State v. Trimble,* 122 Ohio St.3d 297, 2009–Ohio–2961, ¶ 192.

{¶33} The lesser-included-offense instruction is not warranted every time "some evidence" is presented to support the lesser offense. *Trimble* at ¶ 192 citing *State v. Shane*, 63 Ohio St.3d 630, 632 (1992). "Rather, a court must find 'sufficient evidence' to 'allow a jury to *reasonably* reject the greater offense and find the defendant guilty on a lesser included (or inferior degree) offense.' " (Emphasis sic.) *Trimble* at ¶ 192 quoting *Shane* at 632–633. In making this determination, the court must view the evidence in the light most favorable to the defendant. *Trimble* at ¶ 192; *State v. Timmons*, 10th Dist. Franklin No. 13AP-1038, 2014-Ohio-3520, ¶ 37.

{¶34} In this case, Simonis first requested a jury instruction on the lesser included offense of theft prior to the commencement of the trial. At that time the trial court stated, "I can't talk about lesser included until I hear the evidence. * * * But at the appropriate time, [defense counsel], we will." (Tr. at 7). Simonis's counsel renewed his request for a lesser included offense instruction at the close of evidence, before closing arguments and final instructions were given to the jury. At that time, the following conversation was had between the trial court and the parties.

**[SIMONIS'S COUNSEL]: I move, Your Honor, that we would respectfully ask for jury instructions for a lesser included to the offense of assault under 29.0213A, [sic] a misdemeanor of the first degree.**

**THE COURT: Okay. Thank you. And [prosecutor], your argument on assault.**

**[PROSECUTOR]: Your Honor, we would oppose that instruction, the robbery charge that has been indicted in this case encompasses that the theft and the assault are what makes it a robbery in this case, so we see no need for a lesser included instruction on assault in this case and we would ask the Court not to instruct assault. Thank you.**

**THE COURT: And the Court perhaps could be persuaded on that argument by the defendant if it found no concurrence in this case, and the concurrence is the act of inflicting or attempting to inflict physical harm that must occur during or immediately after the theft offense. And the testimony and the DVD of the video surveillance clearly indicates to this Court that any act of inflicting or attempting to inflict physical harm did occur during or immediately after the theft offense. And therefore, Mr. Murray's request for lesser included offense of assault is denied based upon the evidence before this Court.**

**\* \* \***

**THE COURT: Very fine. Thank you. That being completed, we're ready to bring in the jury at this time for the final jury instruction and the closing arguments.**

**[SIMONIS'S COUNSEL]: I'm sorry, Your Honor, I misspoke that wouldn't be assault but theft, Your Honor, if I may correct that on the record.**

**THE COURT: In either case it's the same ruling that I'm going to deny your request.**

**[SIMONIS'S COUNSEL]:  That would be theft under 2913A2, A1. [sic]**

(Tr. at 136-138).

**{¶35}** On appeal, Simonis argues that the trial court should have given the lesser-included offense instruction on theft.  Simonis contends that the jury could have reasonably found him guilty of theft but not guilty of physically harming the victim, Craig.  Simonis contends that Craig was the aggressor and that Simonis made "no attempt to cause any physical harm, but simply [tried] to get away from [Craig]."  (Appt's Br. at 14).

**{¶36}** Despite Simonis's arguments, the evidence presented on the issue of physical harm or an attempt to cause physical harm at trial was clear.  The Kroger surveillance video clearly showed Simonis taking Craig to the ground.  Craig testified that he had a split-lip as a result and Officer Dennis testified that he saw the abrasion and photographed it, but that the photograph did not do a good job showing the abrasion.  While the physical harm may not have been severe, it was not required to be to sustain a conviction.  In addition, Simonis taking Craig to the ground was strongly indicative of an attempt to cause physical harm.

**{¶37}** Simonis produced no evidence to controvert the testimony of Craig and Officer Dennis that physical harm occurred.  Rather, he merely argued that the photograph of Craig did not show a split lip and that Craig did not originally write down the harm on the first page of his police report.  Under these particular facts

and circumstances we cannot find that the trial court abused its discretion in determining that there was not sufficient evidence for a jury to reasonably reject the greater offense in this instance. Accordingly, Simonis's second assignment of error is overruled.

*First Assignment of Error*

**{¶38}** In Simonis's first assignment of error, he argues that the trial court erred by granting Kroger's motion to quash Simonis's subpoena duces tecum for a copy of Kroger's employee policy regarding stopping people in cases of suspected thefts. Specifically, Simonis contends that the contents of the policy were relevant, and that the policy was not otherwise procurable, that the evidence was favorable to Simonis, and that the trial court did not hold an evidentiary hearing to decide the motion to quash.

**{¶39}** A subpoena may be used to command a person to produce in court books, papers, documents, and other objects. Crim.R. 17(C). However, the trial court upon motion of a party may quash or modify the subpoena if compliance would be unreasonable or oppressive. *Id.* An appellate court applies an abuse of discretion standard when reviewing a trial court's decision to quash a subpoena. *State v. Blair,* 3d Dist. Marion No. 9–12–14, 2013–Ohio–646, ¶ 44, citations omitted; *State v. Hansen*, 3d Dist. Seneca No. 13-12-42, 2013-Ohio-1735.

**{¶40}** In this case Simonis contends that the Kroger store policy was relevant and would have aided his defense. The trial court reviewed Kroger's policy *in camera* and found the policy to be irrelevant. The policy is not included in the record before this court. However, even assuming that the policy stated Craig should not have followed Simonis out of the store, the policy does not govern or control Simonis's conduct. Any policy in place at Kroger that governs Kroger employees would not constitute a legal defense to the offense of Robbery under R.C. 2911.02(A)(2) as a matter of law. The Kroger's employee was the victim in this case and any protocol that he breached with Kroger in following Simonis out of the store has no bearing on Simonis's culpability for taking the beer and then taking Simonis to the ground in order to flee from his theft offense. Thus we fail to see how the Kroger policy could be at all relevant to Simonis's defense. As a result, we cannot find that the trial court abused its discretion in granting Kroger's motion to quash. Therefore, Simonis's first assignment of error is overruled.

**{¶41}** For the foregoing reasons Simonis's assignments of error are overruled and the judgment of the Seneca County Common Pleas Court is affirmed.

*Judgment Affirmed*

**ROGERS and PRESTON, J.J., concur.**
**/jlr**