[Cite as *State v. Cooper*, 2023-Ohio-2100.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                  CASE NO.  9-22-69

     v.

MATTHEW ALLEN COOPER,            O P I N I O N

     DEFENDANT-APPELLANT.

---

Appeal from Marion County Common Pleas Court
Trial Court No.  21-CR-387

Judgment Affirmed

Date of Decision:  June 26, 2023

---

APPEARANCES:

    *John P.M. Rutan* for Appellant

    *Raymond A. Grogan, Jr. and David Stamolis* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Matthew Allen Cooper ("Cooper") appeals the November 28, 2022 judgment entry of conviction and sentencing of the Marion County Common Pleas Court. For the reasons that follow, we affirm.

{¶2} This case stems from the City of Marion Police Department's arrest of Jeremy Blevens ("Blevens"), on a bench warrant, at the Someplace Else Bar in Marion, Marion County, Ohio, in the early morning hours of September 4, 2021. While Officer Ryan Kelly ("Ofcr. Kelly") was witnessing the arrest of Blevens (effectuated by a different officer), Cooper obstructed Ofcr. Kelly's view of a bystander, Matrix Childers ("Childers"), whose behavior was escalating at the scene. Amid Ofcr. Kelly talking to Childers, Cooper put his hand and cellphone into the face of Ofcr. Kelly's and then taunted him.[1] Ofcr. Kelly swatted Cooper's phone away from his face, and the phone fell to the ground. Cooper then charged Ofcr. Kelly and a struggle ensued wherein Ofcr. Kelly was knocked to the ground and was hit in the face by Cooper. Ultimately, Blevens, Childers, and Cooper were arrested.

{¶3} On September 8, 2021, the Marion County Grand Jury indicted Cooper, in Count One, for obstructing official business in violation of R.C. 2921.31(A), a fifth-degree felony, and in Count Two, for assault on an officer in violation of R.C.

---

[1] Blevens is Cooper's friend and employer, and Childers is Bevens's stepson.

2903.13(A), (C)(5), a fourth-degree felony. On September 13, 2021, Cooper was arraigned and entered not-guilty pleas.

{¶4} A jury trial was held on November 8-9, 2022 wherein Cooper was found guilty of obstructing official business (under Count One) and for assault on an officer (under Count Two). Further, the jury found that Ofcr. Kelly was a peace officer in the performance of his official duties at the time the event occurred.

{¶5} At the sentencing hearing held on November 28, 2022, the trial court sentenced Cooper to an 11-month prison term on Counts One and Two ordering the terms be served concurrently.

{¶6} Cooper filed a timely appeal and raises the following six assignments of error.

## First Assignment of Error

**The Appellant's 6th And 14th [sic] Amendment Right [sic] To Fair A [sic] Trial Was Violated When The Victim Sat Next To The Prosecutor During The Whole Trial.**

## Second Assignment of Error

**The Appellant's 6th Amendment Right To [sic] Fair Trial And Impartial Jury Was Violated.**

## Third Assignment of Error

**The Appellant's Trial Counsel Was Ineffective By Failing To Exclude Any Jurors For Cause, For Failing To Cross Examination Office Kelly About His Prior 45 Incidents Of Use Of Force, By Failing To Ask For A Lesser Included Offense Of Disorderly Conduct, By Failing To Ask For Jury Instructions On**

**Self-Defense And Failure To Object To Officer Kelly Being Designated Chair.**

## Fourth Assignment of Error

**The Evidence Was Not Sufficient To Support Appellant's Conviction For Count 1 Obstructing Official Business And Count 2 Assault On An Officer.**

## Fifth Assignment of Error

**The Conviction For Count 1 Obstructing Official Business And Count 2, Assault On An Officer Was Against The Manifest Weight Of The Evidence.**

## Sixth Assignment of Error

**The Defendants [sic] Right To A Fair Trial Was Violated When The State Failed To Provide A Bill Of Particulars.**

{¶7} We begin by addressing Cooper's first, second, and sixth assignments of error together, followed by his fourth and fifth assignments of error together, and end with his third assignment of error.

## First Assignment of Error

**The Appellant's 6th And 14th [sic] Amendment Right [sic] To Fair A [sic] Trial Was Violated When The Victim Sat Next To The Prosecutor During The Whole Trial.**

## Second Assignment of Error

**The Appellant's 6th Amendment Right To [sic] Fair Trial And Impartial Jury Was Violated.**

**Sixth Assignment of Error**

**The Defendants [sic] Right To A Fair Trial Was Violated When
The State Failed To Provide A Bill Of Particulars.**

{¶8} In these assignments of error, Cooper argues that he did not receive a fair trial, and thus, his due-process rights were violated. Specifically, in his first assignment of error, Cooper asserts that since Ofcr. Kelly was the arresting officer as well as the victim of the assault-on-an-officer charge, he (Ofcr. Kelly) should not have been permitted to sit beside the prosecutor during the trial. In his second assignment of error, Cooper asserts that the jury pool was not impartial because members of the panel may have known each other, been acquaintances of the parties, or had some connection to Ofcr. Kelly's parents. In his sixth assignment of error, Cooper argues that the State erred by failing to provide him with a bill of particulars. Specifically, he asserts that he lacked knowledge of the specific facts of the charges, and therefore, was not able to prepare his defense for trial.

*Analysis*

{¶9} As an initial matter, we are compelled to determine whether or not Cooper has preserved these issues for our review. Under Cooper's first assignment of error, we note that he never challenged who was seated at the prosecutor's table. Moreover, Cooper never requested a separation and exclusion of witnesses under Evid.R. 615.

**{¶10}** In *State v. Montgomery*, 169 Ohio St.3d 84, 2022-Ohio-2211, the Supreme Court recently held that

> [t]he prosecuting attorney is the [S]tate's legal representative in all criminal matters. R.C. 309.08(A); *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, [] ¶ 21. And while it is common practice for the prosecuting attorney to designate an individual to be a personal representative of the [S]tate and sit at counsel table during a criminal trial, *State v. Lewis*, 70 Ohio App.3d 624, 640[] (4th Dist.1990), as the [S]tate and the second dissenting opinion note, there is no statute or rule that explicitly dictates who that person can be. However, given that the [S]tate's selection of a representative to sit at counsel table and remain in the courtroom throughout the proceedings is a subject that, if challenged, is routinely done in the context of witness separation, Evid.R. 615(B)(2) may be viewed as implicitly and logically limiting the [S]tate's selection of a representative to a person who is an officer or employee of the [S]tate. *Marr v. Mercy Hosp.*, 6th Dist. Lucas No. L-97-1160, 1998 WL 336923, *2 (May 22, 1998), citing *State v. Lapping*, 75 Ohio App.3d 354, 363[] ([8th Dist.]1991); *see also State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746 (Aug. 20, 1999) (trial court erred when it allowed the [S]tate to designate a representative who was not an officer or employee of the [S]tate).

*Montgomery* at ¶ 17 and ¶ 22.[2] Indeed, Ofcr. Kelly was seated at the prosecutor's table and meets the criteria in Evid.R. 615(B)(2) to be the State's representative. Thus, to us, the only question that remains is whether Ofcr. Kelly being seated at the prosecutor's table (as *both* an officer and the victim of the assault-on-an-office charge being tried) offends due process.

---

[2] The Supreme Court of Ohio, in *Montgomery*, addressed whether a defendant was denied his right to a fair trial when the trial court permitted the alleged victim (in a rape case) to be introduced to the jury during *voir dire* as the State's representative and permit the victim [who did not meet the criteria under Evid.R. 615(B)] to sit with the prosecutor at counsel table throughout the entirety of the trial. *Montgomery* at ¶ 1.

**{¶11}** In *Montgomery*, the Supreme Court recognized that the designation of the State's representative at trial may constitute constitutional error, which could "undermine a jury's impartiality, erode the presumption of innocence, and allow for a setting that transmits too great an impression of guilt and that offends due process as being fundamentally unfair because of the inherent potential for prejudice." *Id.* at ¶ 19, citing *State v. Lane*, 60 Ohio St.2d 112, 115 (1979). Nevertheless, since Cooper's first assignment of error is framed as a constitutional challenge, and because he failed to object in the trial court regarding what he now assigns as error on appeal, he has waived all but plain error.

**{¶12}** Additionally, under his second assignment of error, Cooper raises constitutional error regarding the impartiality of the jury. Once again, Cooper did not object during *voir dire* or request a mistrial on the basis that the jury was not impartial and his due-process rights were violated. Consequently, Cooper has waived all but plain error regarding this due-process challenge. *See State v. Gervin*, 3d Dist. Marion No. 9-15-52, 2016-Ohio-8399, ¶ 172.

**{¶13}** Lastly, in his sixth assignment of error, Cooper argues that the State failed to provide him with a bill of particulars after he filed multiple requests.[3] (*See* Appellant's Brief at 23). (*See also* Doc. Nos. 8, 20, 33). Importantly, the State

---

[3] There were three separate requests for a bill of particulars. The record demonstrates each request was filed perfunctorily each time a new attorney was appointed to represent Cooper.

failed to furnish him with a bill of particulars notwithstanding his requests. *See*

Crim.R. 7(E). Crim.R. 7(E) provides:

> When the defendant makes a written request within twenty-one days after arraignment but not later than seven days before trial, or upon court order, the prosecuting attorney *shall* furnish the defendant with a bill of particulars setting up specifically the nature of the offense charge and of the conduct of the defendant alleged to constitute the offense. A bill of particulars may be amended at any time subject to such conditions as justice requires.

(Emphasis added.) *See also State v. Haynes*, ___Ohio St.3d ___, 2022-Ohio-4473,

¶ 19 and ¶ 22. However, Cooper did not raise any concerns about the lack of a bill

of particulars, much less raise his constitutional argument in the trial court.

Therefore, he has waived, all but plain error.

**{¶14}** Notably, in each of these assignments of error, Cooper failed to raise

the purported constitutional errors in the trial court. The "[f]ailure to raise at the

trial court level the issue of the constitutionality [], which issue is apparent at the

time of trial, constitutes a waiver of such issue and a deviation from this [S]tate's

orderly procedure, and therefore need not be heard for the first time on appeal."

*State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. Nevertheless, we retain the

discretion to consider Cooper's arguments under a plain-error analysis. *State v.*

*Barnhart*, 3d Dist. Putnam No. 12-20-08, 2021-Ohio-2874, ¶ 8, citing *In re M.D.*,

38 Ohio St.3d 149, 151 (1988).

{¶15} To establish plain error under Crim.R. 52(B), the party claiming error must establish: (1) that an error, i.e., a deviation from a legal rule, occurred; (2) that the error was an "obvious" defect in the trial proceedings; and (3) that this obvious error affected substantial rights, i.e., the error must have affected the outcome of the trial. *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, ¶ 36. Under the plain-error standard, the appellant must demonstrate that there is a reasonable probability that, but for the trial court's error, the outcome of the proceeding would have been otherwise. *State v. West*, 168 Ohio St.3d 605, 2022-Ohio-1556, ¶ 35-36. Indeed, Cooper bears the burden of establishing that his substantial rights were prejudiced. *See State v. Davis*, 3d Dist. Seneca No. 13-16-30, 2017-Ohio-2916, ¶ 23.

{¶16} On appeal, Cooper failed to raise *any* plain-error arguments regarding his first, second, and sixth assignments of error. *See State v. Hahn*, 3d Dist. Henry No. 7-21-02, 2021-Ohio-3789, ¶ 10. Consequently, we will not construct his arguments for him. *Id.* Therefore, Cooper failed to establish that his substantial rights were violated.

{¶17} Accordingly, Cooper's first, second, and sixth assignments of error are overruled.

**Fourth Assignment of Error**

**The Evidence Was Not Sufficient To Support Appellant's Conviction For Count 1 Obstructing Official Business And Count 2 Assault On An Officer.**

**Fifth Assignment of Error**

**The Conviction For Count 1 Obstructing Official Business And Count 2, Assault On An Officer Was Against The Manifest Weight Of The Evidence.**

{¶18} In his fourth and fifth assignments of error, Cooper asserts that the jury's findings of guilt for obstructing official business (under Count One) and assault on an officer (under Count Two) are based upon insufficient evidence and are against the manifest weight of the evidence.

*Standard of Review*

{¶19} Manifest "weight of the evidence and sufficiency of the evidence are clearly different legal concepts." *State v. Thompkins*, 78 Ohio St.3d 380, 389 (1997), *superseded by statute on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Thus, we address each legal concept, individually.

{¶20} "'"[S]ufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.'" *Id.* at 386, quoting *Black's Law Dictionary* 1433 (6th Ed.1990). "In essence, sufficiency is a test of adequacy." *Id.* "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio

St.3d 259 (1981), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds*, *Smith* at 89. Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 1st Dist. Hamilton No. C-110097, 2011-Ohio-6267, ¶ 25. *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19, citing *Thompkins* at 386; *State v. Williams*, 3d. Dist. Logan No. 8-20-54, 2021-Ohio-1359, ¶ 6, quoting *State v. Croft*, 3d Dist. Auglaize No. 2-15-11, 2016-Ohio-449, ¶ 5.

{¶21} On the other hand, in determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). But we must give due deference to the fact-finder, because

> [t]he fact-finder * * * occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is a Herculean endeavor. A reviewing court must, therefore, accord due deference to the credibility determinations made by the fact-finder.

*Williams*, 2021-Ohio-1359, at ¶ 8, quoting *State v. Dailey*, 3d Dist. Crawford No. 3-07-23, 2008-Ohio-274, ¶ 7, quoting *State v. Thompson*, 127 Ohio App.3d 511, 529 (8th Dist.1998). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

*Sufficiency-of-the-Evidence Analysis*

{¶22} Cooper was found guilty by the jury of obstructing official business under R.C. 2921.31(A). R.C. 2921.31(A) provides in its pertinent part,

> No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

Even though obstructing official business is typically a second-degree misdemeanor, it can be elevated to a fifth-degree felony upon proof that the defendant "create[d] a risk of physical harm to any person" during the commission of the offense.    R.C. 2921.31(B).    Under R.C. 2901.22(A), "[a] person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature."

{¶23} Cooper was also found guilty by the jury of assault on an officer pursuant to R.C. 2903.13(A), (C)(5).  R.C. 2903.13 states in relevant part:

> (A)  No person shall knowingly cause or attempt to cause physical harm to another * * *.
>
> * * *
>
> (C)(1) Whoever violates this section is guilty of assault, and the court shall sentence the offender as provided in this division and divisions (C)* * *(5)* * * of this section. Except as otherwise provided in division (C)* * * (5)* * * of this section, assault is a misdemeanor of the first degree.
>
> * * *
>
> (5)    If the assault is committed in any of the following circumstances, assault is a felony of the fourth degree:
>
> (a)    The victim of the offense is a peace officer * * *, while in the performance of the officer's * * * official duties.

R.C. 2903.13(A), (C)(1), (C)(5)(a).  Pursuant to R.C. 2901.22(B), "a person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist."

**{¶24}** We begin by addressing Cooper's argument regarding whether the State failed to prove that it was his "purpose to prevent, obstruct, or delay the performance by" Ofcr. Kelly to do an authorized act within his official capacity, and whether that the State failed to prove that he "hamper[ed] or impede[d]" Ofcr. Kelly under Count One.

**{¶25}** To obtain a conviction for obstructing official business the State must prove that (1) the defendant acted (2) without privilege to do so and (3) with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity and that (4) the defendant's act hampered or impeded the public official (5) in the performance of the public official's lawful duties. *See State v. Pierce*, 3d Dist. Seneca No. 13-16-36, 2017-Ohio-4223, ¶ 11, quoting *State v. Dice*, 3d Dist. Marion No. 9-04-41, 2005-Ohio-2505, ¶ 19, citing R.C. 2921.31(A).  On appeal, Cooper only challenges whether the State proved the third and fourth elements, and thus, those elements will be the focus of our analysis.

**{¶26}** The record reveals that when Ofcr. Kelly was interacting with Childers and Cooper he and his fellow officers were in the midst of the performance of an act within their official capacity. That is–the officers were in the process of arresting Blevens's on an active bench warrant. Even though Ofcr. Kelly was not handcuffing Blevens, he was assisting Officer Nick Geurkink ("Ofcr. Geurkink") arrest Blevens and was monitoring the escalation of bystanders during the event. Cooper contends that he was merely recording Blevens's arrest (as a bystander) and it was not his intent to hinder or impede Ofcr. Kelly.

**{¶27}** However, the record belies this contention. According to Officer Brittany Ewalt's ("Ofcr. Ewalt") *uncontroverted* testimony at trial, she observed Cooper put his cellphone directly in front of Ofcr. Kelly's face, which obstructed Ofcr. Kelly's view of individuals at the arrest scene. (Nov. 8, 2022 Tr. at 228). Moreover, Cooper can be seen (on Ofcr. Ewalt's body-camera footage) with his arm extended, cellphone in his hand, inches in front of Ofcr. Kelly's face. (*See* State's Ex. 1). Indeed, Cooper can be heard taunting Ofcr. Kelly verbally at the exact moment that he places the cellphone in front of his face. (*See id.*). Additionally, and significant to us, Ofcr. Kelly testified that he was concerned about Cooper's behavior since Cooper was positioned on his right side within reach of his firearm.[4]

---

[4] Ofcr. Ewalt's body-camera footage corroborates Cooper's position and proximity to Ofcr. Kelly's duty weapon.

{¶28} We conclude that Cooper's deliberate act of placing his hand and the cellphone in Ofcr. Kelly's face *obstructed* Ofcr. Kelly's view of bystanders during Blevens's arrest. Moreover, Cooper's actions *prevented* Ofcr. Kelly from observing and assisting in the arrest of Blevens by his fellow officer. Consequently, Cooper hindered and impeded Ofcr. Kelly's ability to ensure the safety of Blevens (as an arrestee), other bystanders, and his fellow officers at this chaotic scene.

{¶29} Next, Cooper asserts (under Count Two) that he did not "knowingly" "cause or attempt to cause physical harm" to Ofcr. Kelly because the physical contact between he and Ofcr. Kelly was his effort to defend himself from Ofcr. Kelly. We disagree. Importantly, Cooper did not assert a self-defense claim at trial, and Ofcr. Kelly testified Cooper charged him after he swatted Cooper's hand when the cellphone was put in his face. Further, when Cooper and Ofcr. Kelly wrestled on the ground Cooper did not comply with his (Ofcr. Kelly's) orders to get off him. This is when Cooper struck Ofcr. Kelly in the face. Even though none of the four officer's camera footage caught Cooper's act of punching Ofcr. Kelly in the face, Ofcr. Ewalt testified that she saw Cooper throw *multiple punches* at Ofcr. Kelly (with his fist) when the two were on the ground.

{¶30} Based on this evidence, we conclude that a rational trier of fact (the jury) could conclude beyond a reasonable doubt that Cooper was obstructing official business and that Cooper committed an assault on an officer. Accordingly,

Cooper's obstructing-official-business and assault-on-an-officer convictions under Counts One and Two are based on sufficient evidence.

*Manifest-Weight-of-the-Evidence Analysis*

**{¶31}** Here, Cooper sets forth two arguments in support of his manifest-weight-of-the-evidence challenge regarding his obstructing-official-business finding of guilt (under Count One) and one argument regarding his assault on an officer finding of guilt (under Count Two).

**{¶32}** We begin by addressing his arguments related to Count One. Specifically, Cooper argues that the jury never saw the video footage (in State's Exhibit 1)[5], but rather listened to the attorneys' dictate the events depicted in the four videos because the television in the trial court was too small and located too far away from the jury panel. To that end, Cooper cites the following exchange between the trial judge and the jurors to illustrate his argument:

| | |
|---|---|
| [THE TRIAL COURT] | By the end of the year, Ladies and Gentlemen, I'm getting a dropdown screen. You see the wire above counsel's head there, we're going to have -- so hopefully that will be a little bigger for everybody to see. Other improvements still under way in this courthouse. |

---

[5] State's Exhibit 1 is a USB flash-memory drive (sometimes referred to as a "thumb" or "jump" drive) containing the body-camera footage from September 4, 2021 from Ofcrs. Ewalt, Guerkink, and Kelly as well as their supervisor, Lieutenant Rob Musser ("Lt. Musser").

(Nov. 9, 2022 Tr. at 107). Our review of the record makes it obvious that the trial court's discussion regarding the courthouse-renovation project was to "kill some time" while the county prosecutor set-up the lectern for his closing argument. There is simply no support in the record that the jurors were unable to see the videos as they were played in open court during the course of the trial. As such, Cooper's argument lacks merit.

**{¶33}** Next, Cooper argues that the jury was more interested in going to lunch and concluding their deliberations than weighing the evidence. In support of his position, Cooper cites the following statement made by the trial judge to defense counsel:

> [The Trial Court]   Very good. Well, the standard's a little different now, but as I said this is a -- this is an evidentiary case. There is something like an hour -- I think there's -- there's four videos, and I -- I think they're -- they range from a couple of minutes to 20 minutes apiece. There's so much audio on them that can be interpreted one way or another, and juries will have to decide.

(*Id.* at 80). The record is clear that the trial judge was discussing Cooper's renewed motion for acquittal under Crim.R. 29, after the defense rested its case, and nothing else as suggested by the appellant.

**{¶34}** Further, Cooper cites another statement of the trial judge made during sentencing hearing:

> [The Trial Court]     His body language is anything in that -- in -- in -- in those video than what he says here today. I don't know another human being that would not have viewed it as harassing the police and -- inhibiting them from -- from doing their conduct. And this jury clearly felt that way returning a verdict in less than 30 minutes.

(Nov. 28, 2023 Tr. at 30). Here, the trial judge was commenting on Cooper's lack of remorse and his conduct depicted in the officers' body-camera footage. Nothing in this statement leads us to conclude that the jurors' abdicated their responsibility to consider the evidence and render a verdict concerning Count One. Rather, to us, the trial judge is recognizing that the jury (after viewing the officers' body-camera footage during the course of the trial) must have viewed the obstructing-official-business charge as an open-and-shut case. Thus, appellant's second assertion lacks merit.

{¶35} Finally, we address Cooper's credibility argument (regarding Count Two), wherein, he suggests that since two of the officers (Ofcr. Geurkink and Lt. Musser) testified that they did not see Cooper swing or punch Ofcr. Kelly, the weight of the evidence supports that Cooper did not cause or attempt to cause Ofcr. Kelly physical harm. We disagree. Even though this credibility argument appears to test the persuasiveness of the State's evidence, it sounds in sufficiency, which we have already addressed. Consequently, we limit our review here to the weight of the evidence.

**{¶36}** After reviewing the entire record, we conclude that the evidence we have summarized in our sufficiency-of-the-evidence analysis (supporting Cooper's convictions) is weightier than the evidence against. Consequently, we will not say that the evidence weighs heavily against Cooper's convictions. Therefore, we do not conclude that the jury clearly lost its way, which created a manifest miscarriage of justice such that Cooper's obstructing-official business and assault-on-an-officer convictions must be reversed and a new trial ordered.

**{¶37}** Accordingly, Cooper's fourth and fifth assignments of error are overruled.

### Third Assignment of Error

**The Appellant's Trial Counsel Was Ineffective By Failing To Exclude Any Jurors For Cause, For Failing To Cross Examination Officer Kelly About His Prior 45 Incidents Of Use Of Force, By Failing To Ask For A Lesser Included Offense Of Disorderly Conduct, By Failing To Ask For Jury Instructions On Self-Defense And Failure To Object To Officer Kelly Being Designated Chair.**

**{¶38}** In his third assignment of error, Cooper argues that his trial counsel was ineffective. Specifically, Cooper raises five challenges regarding the ineffectiveness of his trial counsel. He contends that his trial counsel was ineffective for failing to exclude any jurors for cause; for failing to cross-examine Ofcr. Kelly about his prior 45 incidents of use of force; for failing to ask for a lesser

included offense of disorderly conduct; for failing to ask for jury instructions on self-defense, and for his failure to object to Ofcr. Kelly being designated as chair.

*Standard of Review*

{¶39} "In criminal proceedings, a defendant has the right to effective assistance of counsel under both the United States and Ohio Constitutions." *State v. Evick*, 12th Dist. Clinton No. CA2019-05-010, 2020-Ohio-3072, ¶ 45. A defendant asserting a claim of ineffective assistance of counsel must establish: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 689. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Frazier*, 61 Ohio St.3d 247, 255 (1991). Rather, the errors complained of must amount to a substantial violation of counsel's

essential duties to his client. *See State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989).

**{¶40}** "Prejudice results when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Liles*, 3d Dist. Allen No. 1-13-04, 2014-Ohio-259, ¶ 48, quoting *Bradley* at 142, citing *Strickland* at 691. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting *Bradley* at 142 and citing *Strickland* at 694.

*Analysis*

**{¶41}** We begin by addressing Cooper's argument that his counsel was ineffective during *voir dire* because he did not challenge any potential jurors for cause. "Juror challenges 'for cause' are governed by Crim.R. 24(C) and R.C. 2945.25." *State v. Williams*, 3d Dist. Allen No. 1-19-70, 2021-Ohio-256, ¶ 38, citing *State v. Triplett*, 5th Dist. Stark No. 2013CA00209, 2014-Ohio-3101, ¶ 30. Significantly, Cooper did agree to the dismissal of certain jurors *for cause*. Specifically, potential juror numbers 10, 13, 18, 23, 25, and 42 were all dismissed by the agreement of the attorneys for cause. (*See* Nov. 8, 2022 Tr. at 10-14, 21, 35-40, 159-160). Nonetheless, in this assignment of error, Cooper does not identify *any* potential jurors that should have been released for cause nor does he point to the record to identify the specific instance that support his belief that a potential

juror should have been challenged for cause. Here, the record is void of any evidence that other jurors should of or could have been challenged for cause. Furthermore, he cannot show that he was prejudiced in any manner by the action or inaction of his counsel. As a result, this portion of his argument lacks merit.

**{¶42}** Next, Cooper contends that his trial counsel was ineffective for failing to cross-examine Ofcr. Kelly regarding his history of use of force and for not requesting a jury instruction on self-defense.

**{¶43}** Cooper's arguments fail for several reasons. First, Cooper's trial counsel admitted (at the sentencing hearing) that his decision to not cross-examine Ofcr. Kelly regarding his use-of-force history was *tactical* regardless of its admissibility since it was his intention to offer *the specific instances of conduct* in mitigation of Cooper's conduct. (Nov. 28, 2022 Tr. at 13). Following trial counsel's statements in mitigation, Cooper spoke to the trial court and stated "we didn't put on a defense. I didn't feel like I need to, because I didn't -- didn't feel like the prosecution had met their -- their burden of proof". (*Id.* at 19).

**{¶44}** Secondly, the State clarified that Ofcr. Kelly had never to been found in violation of department use-of-force policies. (*Id.* at 16). Consequently, even if that information was offered and determined to be relevant, it had little-to-no impeachment value.

{¶45} Third, Cooper argues that he should have been permitted to cross-examine Ofcr. Kelly (a victim) regarding the details of his use-of-force history. *See* Evid.R. 404(A)(2). Put more plainly–Cooper contends that he should have been permitted to cross-examine the officer regarding specific instances of conduct. Under Evid.R. 405(B), the method for proving character by specific instances of conduct can *only* be done "[i]n cases in which character or a trait of character of a person *is an essential element of a charge, claim, or defense*, proof may also be made of specific instances of his conduct." (Emphasis added.) In this case, Ofcr. Kelly's "alleged" specific instances of conduct involving his prior uses of force is not relevant. Moreover, those instances of force, standing alone, do not prove an essential element of *any* charge, claim, or defense. Thus, Cooper cannot establish that his counsel's conduct regarding Ofcr. Kelly was deficient or unreasonable. Hence, this portion of his argument lacks merit.

{¶46} Next, Cooper challenges his trial counsel's failure to request a jury instruction for a lesser-included offense of disorderly conduct. Disorderly Conduct may, under certain circumstances, constitute a lesser-included offense of an assault offense. *See State v. Reynolds*, 25 Ohio App.3d 59 (1st Dist. 1985); *State v. Roberts*, 7 Ohio App.3d 253 (1st Dist. 1985). Even if we assume without deciding that the minor-misdemeanor form of disorderly conduct under R.C. 2917.11(B)(2) satisfies

all three prongs of the *Deem* test[6] and, therefore, is a lesser-included offense of assault under R .C. 2903.13(A), such a conclusion does not end our analysis. The mere fact that an offense is a lesser-included offense of a charged offense does not mean that the trial court must instruct on both offenses. *State v. Wilkins*, 64 Ohio St.2d 382, 387 (1980). *See also State v. Simonis*, 3d Dist. Seneca No. 13-14-05, 2014-Ohio-5091, ¶ 32 citing *State v. Keith*, 10th Dist. Franklin No. 08AP-28, 2008-Ohio-6122, ¶ 35, citing *Wilkins* at 387. An instruction on a lesser-included offense is only required where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser-included offense. *State v. Trimble,* 122 Ohio St.3d 297, 2009-Ohio-2961, ¶ 192; *State v. Robb*, 88 Ohio St.3d 59, 74 (2000); *State v. Shane*, 63 Ohio St.3d 630, 632-633 (1992). Here, Cooper did not demonstrate that disorderly conduct is a lesser-included offense of his particular assault charge nor did he establish that the evidence presented at trial would have reasonably supported an acquittal for assault on an officer and a conviction for disorderly conduct, and thus, he cannot demonstrate that he has suffered any prejudice.

---

[6] *State v. Deem*, 40 Ohio St.3d 205 (1988), paragraph three of the syllabus ("An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense[]"), *modified by*, *State v. Smith*, 117 Ohio St.3d 447, 2008-Ohio-1260, and *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974.

**{¶47}** Finally, Cooper challenges that his trial counsel was ineffective for failing to object to Ofcr. Kelly being seated at the prosecutor's table. To us, Cooper is arguing that his counsel was ineffective for failing to request separation and exclusion of witnesses under Evid.R. 615(A). Evid.R. 615(A) provides that, "at the request of a party the court shall order witnesses be excluded from the courtroom so that they cannot hear the testimony of other witnesses * * *." The trial court retains broad discretion to order additional forms of separation as dictated by the circumstances of the case. *See* 2003 Staff Note, Evid.R. 615. Evid.R. 615(A), however, excludes the persons outlined in division (B). On this point, Evid.R. 615(B)(2) *does not* authorize the trial court to separate or exclude "an officer * * * designated as its representative by its attorney". Ohio courts have applied Evid.R. 615(B)(2) to law-enforcement officers permitting them to assist the prosecutor during trial and to remain in the courtroom even when a separation or exclusion of witnesses is ordered. *See State v. Turner*, 3d Dist. Allen No. 1-96-27, 1997 WL 101776, *9 (Feb. 27, 1997), quoting *U.S. V. Wells*, 437 F.2d 1144, 1146 (6th Cir.1971). "This is so even when the law-enforcement officer was a victim in the case." *Montgomery*, 169 Ohio St.3d 84, 2022-Ohio-2211, at ¶ 134, citing *United States v. Charles*, 456 F.3d 249, 259 (1st Cir.2006). Although Cooper cites *Montgomery* in support of his challenge, *Montgomery* directly contradicts this assertion and is entirely distinguishable from the facts of this case. Namely, the

victim permitted to sit at the prosecutor's table in *Montgomery* "did not meet the criteria to be designated as the [S]tate's representative under Evid.R. 615(B)(2)". *Id.* at ¶ 18. Consequently, Cooper has failed to demonstrate that he was denied effective assistance of counsel or establish that he has suffered any prejudice. Therefore, this portion of his argument lacks merit.

**{¶48}** Accordingly, for the reasons stated above, Cooper's third assignment of error is overruled.

**{¶49}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**MILLER, P.J. and WALDICK, J. concur.**

**/jlr**